7

In re: HASSEN REAL ESTATE PART-NERSHIP, a California limited partnership; Eastland Tower Partnership, a California limited partnership, Debtors

Hassen Real Estate Partnership;
Eastland Tower Partnership,
Appellants,

v.

Citicorp Real Estate, Inc., Appellee.

No. 99–56174.

D.C. No. CV–98–03003–RAP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided Feb. 23, 2001.

Before FERGUSON, TASHIMA and FISHER, Circuit Judges.

MEMORANDUM *

Appellants entered into a bankruptcy settlement agreement to settle their debt with Appellee, their primary secured creditor. They argue that the settlement agreement could reasonably be read to allow the HMB funds and the June 1996 NOI to be credited against their principal debt. The bankruptcy court rejected this argument, finding that the terms of the settlement agreement were unambiguous, and the district court affirmed. This appeal followed. We affirm.

 The stipulated order functions as a contract; as such, its terms must be analyzed under California's rules of contract interpretation. *See Botefur v. City of Eagle Point,* 7 F.3d 152, 156 (9th Cir.1993). In interpreting a contract, California courts look to the context created by the document as a whole, and "will not strain to create an ambiguity where none exists or indulge in tortured constructions to di-

vine some theoretical ambiguity." *Fireman's Fund Ins. Co. v. Superior Court*, 65 Cal.App.4th 1205, 1212, 78 Cal.Rptr.2d 418 (1997). The disputed provisions of the "Minimum Monthly Payments" paragraph, when interpreted in conjunction with the structure and content of the agreement as a whole, are not susceptible of Appellants' interpretation.

Even if there were ambiguity in the wording of the stipulated order, moreover, Appellants' proffered extrinsic evidence does not support their argument. The fact that prior settlement discussions explicitly applied the HMB funds and the June 1996 NOI against the outstanding principal balance does not indicate that the stipulated order implied such a result. To the contrary, the inclusion of such a term in earlier drafts and its absence in the final draft indicate that it was excluded intentionally.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

